J. Efrain **RAMIREZ–GUERRERO;** Claudia **Gonzalez, Petitioners,**

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

No. 05–76634.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 7, 2007.

Gabriella Navarro Busch, Esq., Ventura, CA, for Petitioners.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ranee A. Katzenstein, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

J. Efrain Ramirez–Guerrero and his wife Claudia Gonzales, natives and citizens of Mexico, petition for review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by concluding the petitioners did not establish that the conduct of prior counsel resulted in prejudice to them, and thus did not provide a basis to reopen. *See id.* at 901–02.

To the extent the petitioners contend the BIA failed to consider some or all of the evidence they submitted with the motion, they have not overcome the presump-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion that the BIA did review the record. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006).

To the extent petitioners challenge the BIA's underlying order dismissing their direct appeal from an immigration judge's decision denying their applications for cancellation of removal, we lack jurisdiction to review petitioners' contentions because the petition for review is not timely as to that order. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.